UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

███████

Plaintiff,

v.

The Partnerships And Unincorporated Associations Identified On Schedule A,

Defendants.

Case No.: 23-cv-02522

**FILED UNDER SEAL**

# COMPLAINT

Plaintiff, ███████ ("███████" or "Plaintiff"), by its undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations identified on Schedule A, attached hereto (collectively, "Defendants"), which use the online marketplace accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and for its Complaint hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit, of which each Defendant stands accused, were undertaken in Illinois and within this Judicial District.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since each Defendant directly targets consumers in the United States, including Illinois, through the fully interactive, commercial Internet stores operating under the Defendant Internet Stores identified on Schedule A. Each Defendant is committing tortious acts, is engaging in interstate commerce, and has wrongfully caused substantial injury in the State of Illinois.

## INTRODUCTION

4. This action has been filed to combat the online patent infringement and counterfeiting of Defendants, who trade upon Plaintiff's valuable intellectual property by selling and/or offering for sale unauthorized, inauthentic, infringing, and counterfeit products that infringe Plaintiff's U.S. Patent No. ▮▮▮▮ (the ▮▮▮▮

5. In an effort to illegally and deceptively profit from the ▮▮▮▮ Defendants created numerous Defendant Internet Stores, intentionally designed to give the impression to consumers that they are legitimate websites selling products manufactured or authorized by ▮▮▮▮ with Defendants' ultimate intention being to deceive unknowing consumers into purchasing products which are unauthorized and infringe upon the ▮▮▮▮ (hereinafter referred to as "Counterfeit ▮▮▮▮ Products" or "Counterfeit Products").

6. Defendant Internet Stores share unique identifiers, such as design elements and similarities of unauthorized products offered for sale, establishing a logical relationship between the Defendants, and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation.

7. Plaintiff has been and continues to be significantly and irreparably damaged from the actions of the Defendants and is thus seeking injunctive and monetary relief.

## THE PLAINTIFF

8. ███████ was incorporated in ███, and is based out of ███████████, where Plaintiff, and its affiliates, ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████

9. The ███████ Products are the result of years of development aimed at ███

████████████████████████████████████████ The ███████ Products use ████████████████████

████████████████████████

**AUTHENTIC PRODUCT**

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

**FIGURE 1**

10. Plaintiff, and its licensees, manufacture, distribute, market, and retail the ███████ ███████ worldwide including Illinois, and this Judicial District.

11. Each ▮▮▮ Product uses the patented technology found in the ▮▮▮

| PATENT NUMBER | CLAIM | ISSUE DATE |
|---|---|---|
| ▮ | ▮ | ▮ |

12. Plaintiff is the lawful assignee of all right, title, and interest in and to the ▮▮▮ ▮▮▮ Attached hereto as **Exhibit 1** is a true and correct copy of the ▮▮▮

13. ▮▮▮ has invested substantial time, money, and resources in developing consumer recognition, awareness, and goodwill in the ▮▮▮ Products, and as a result, has received excellent feedback in the market.

14. ▮▮▮ uses only the highest-quality materials and processes in making the ▮▮▮ Products ▮▮▮

15. ▮▮▮ has made efforts to protect its interests in and to the ▮▮▮ Products and the ▮▮▮ ▮▮▮ and its licensees are the only businesses and/or individuals authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the ▮▮▮ Plaintiff has not licensed or authorized Defendants to sell the ▮▮▮ Products or use the ▮▮▮

**THE DEFENDANTS**

16. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including this Judicial District, through the operation of fully interactive commercial websites and online marketplace accounts operating under the Defendant Internet Stores identified on Schedule A. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell Counterfeit ▮▮▮▮ Products to consumers within the United States and this Judicial District.

**THE DEFENDANTS' UNLAWFUL CONDUCT**

17. Plaintiff has identified numerous interactive ecommerce stores and marketplace listings on platforms which include, but are not limited to those operated on the following marketplaces: eBay, Inc. ("eBay"), ContextLogic, Inc. ("Wish"), Amazon, Inc. ("Amazon"), DHGate.com ("DHGate"), and AliExpress, Inc. ("AliExpress") (collectively referred to herein as "Online Marketplaces"), including the Defendant Internet Stores, which are offering for sale, selling, and importing Counterfeit ▮▮▮▮ Products to consumers throughout the United States. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $350 billion in annual online sales.[1] According to an intellectual property rights seizures statistics report issued by Homeland Security and the U.S. Customs and Border Protection, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2020 was over $1.3 billion.[2] Internet websites and e-commerce stores like the Defendant Internet Stores are also estimated to

---

[1] *See* "2020 Review of Notorious Markets for Counterfeiting and Piracy," OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, Executive Office of the President. 85 FR 62006 (October 1, 2020).
[2] *See* "Intellectual Property Rights Fiscal Year 2020 Seizure Statistics," U.S. CUSTOMS AND BORDER PROTECTION. CBP Publication No. 1542-092 (September 21, 2021).

contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.*

18. As recently addressed in the *New York Times* and by the U.S. Dept. of Homeland Security, and as reflected in the increase of federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the above mentioned digital Online Marketplaces, an astronomical number of counterfeit and infringing products are offered for sale and sold on these digital marketplaces at a rampant rate.[3]

19. Upon information and belief, Defendants operate in a collective and organized manner, often monitor infringement litigation alert websites, are in continuous and active concert with one another, are in frequent communication with each other – utilizing online chat platforms and groups, and use these collective efforts in an attempt to avoid liability and intellectual property enforcement efforts.[4] Furthermore, there is a substantial evidentiary overlap in Defendants' behavior, conduct, and individual acts of infringement, thus constituting a collective enterprise.

20. Defendants go to great lengths to conceal their identities often using fictitious names and addresses to register and operate their massive network. For example, many of Defendants' names and physical addresses used to register the Defendant Internet Stores are incomplete, contain randomly typed letters, or fail to include cities and other relevant information. Other Defendants use privacy services that conceal the owners' identity and contact information completely. These are two of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

---

[3] *See* Ganda Suthivarakom, *Welcome to the Era of Fake Products*, N.Y. TIMES (Feb. 11, 2020), https://www.nytimes.com/wirecutter/blog/amazon-counterfeit-fake-products/. *See also Combating Trafficking in Counterfeit and Pirated Goods*, U.S. DEPT. OF HOMELAND SECURITY (Jan. 24, 2020), available at https://www.dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.
[4] For this reason, Plaintiff is concurrently filing a Motion For Leave to File Certain Documents Under Seal and Temporarily Proceed Under A Pseudonym.

21. There are numerous similarities among the Defendant Internet Stores, including, but by no means limited to: (1) virtually identical layouts; (2) similarities of the Counterfeit ▉▉▉▉ Products, and indicia of being related to one another, suggesting that the illegal products were manufactured by and come from a common source and that Defendants are interrelated; and, (3) other notable common features such as same naming conventions, domain name registration patterns, accepted payment methods, check-out methods, metadata, illegitimate SEO tactics, lack of contact information, identically or similarly priced items, and the use of the same text and images.

22. Further, illegal operators, like Defendants, typically operate multiple payment processor and merchant accounts, including but not limited to, one or more financial accounts operated through platforms such as eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. ("Stripe"), ContextLogic, Inc. ("Wish"), Amazon Payments, Inc. ("Amazon"), Etsy, Inc. ("Etsy"), and Alipay US, Inc. ("Alipay") (collectively referred to herein as "Payment Processors"), and hide behind layers of payment gateways so they can continue operation in spite of any enforcement efforts. Additionally, as financial transaction logs in previous similar cases have shown, Defendants often maintain off-shore bank accounts and regularly move funds from their Payment Processor accounts to said off-shore bank accounts, outside the jurisdiction of this Court.

23. Defendants, without any authorization or license, have knowingly and willfully infringed the ▉▉▉▉ in connection with the manufacturing, advertisement, distribution, offering for sale, and sale of Counterfeit ▉▉▉▉ Products. Each Defendant Internet Store offers to ship to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell, or has already sold, Counterfeit Products therein.

24. In committing these acts, Defendants have caused irreparable harm to the Plaintiff by infringing upon and using the ▉▉▉▉ creating, manufacturing, selling, and/or offering to sell

7

Counterfeit ▮ Products; providing low quality and ineffective Counterfeit ▮ Products to consumers causing significant safety and health concerns.

25. Defendants' infringement of the ▮ in the offering to sell, selling, and/or importing of the Counterfeit ▮ Products was willful.

26. Unless enjoined, Defendants will continue to cause irreparable harm to ▮

## COUNT I
## PATENT INFRINGEMENT (35 U.S.C. § 271)

27. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

28. Defendants are manufacturing, distributing, offering for sale, selling, and/or importing into the United States Counterfeit ▮ Products which infringe directly or indirectly on the ▮ both literally and under the doctrine of equivalents.

29. Defendants have infringed the ▮ through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from manufacturing, distributing, selling, offering for sale, and/or importing the patented inventions as well as the loss of sales stemming from the infringing acts. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

30. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in concert therewith from infringing the ▮ Plaintiff will continue to be irreparably harmed.

31. Defendants' infringement of the ▮ in connection with the Counterfeit ▮ Products has been and continues to be willful.

32. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits and any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from further acts of infringing, inducing infringement, and/or contributing to the infringement of the ▮▮▮▮ including:

   a. shipping, delivering, holding for sale, distributing, returning, transferring, storing, making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's ▮▮▮▮

   b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the ▮▮▮▮ and

   c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including any Online Marketplaces and Payment Processors, and any related entities, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit ▮▮▮▮ Products and/or the ▮▮▮▮

3) For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its ▮▮▮▮ pursuant to 35 U.S.C. § 271.

9


4) That Plaintiff be awarded Defendants' profits and any other damages as appropriate under 35 U.S.C. § 284, together with interest and costs.

5) That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' infringement of the ▮▮▮▮▮▮

6) A finding that this case is exceptional under 35 U.S.C. § 285.

7) That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

8) Any and all other relief that this Court deems just and proper.

Dated: April 21, 2023

Respectfully submitted,

*/s/ Alison K. Carter*
Ann Marie Sullivan
Alison K. Carter

**SULLIVAN & CARTER, LLP**
2743 N. Ridgeway Ave.
Chicago, Illinois 60647
Telephone: 929-724-7529
E-mail: a.carter@scip.law

***ATTORNEYS FOR PLAINTIFF***