| | |
|---|---|
| XYZ CORPORATION, | CASE NO.: 23-CV-02522 |
| PLAINTIFF, | |
| V. | JUDGE ELAINE E. BUCKLO |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | MAGISTRATE JUDGE SHEILA M. FINNEGAN |
| DEFENDANTS. | |

## DECLARATION OF ANN MARIE SULLIVAN

I, Ann Marie Sullivan, of the City of Chicago, in the State of Illinois, declare and state as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff, XYZ Corporation ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. On information and belief, merchants who operate entirely online, such as Defendants, must provide customers and online marketplaces with a valid electronic means by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipments of orders. Moreover, Defendants generally must maintain accurate email addresses where their marketplace platform administrator or domain registrar and payment processor may communicate with them regarding issues related to the maintenance of their ecommerce store and domain name

1

accounts and transfer of funds for the payment for goods.

3. On information and belief, Defendants are further able to receive notice of this action by email via the ecommerce marketplace platform that Defendants use to conduct their commercial transactions via the Seller Aliases.

4. Defendants have structured their Defendant Internet Stores so that the means for customers to purchase Defendants' infringing goods at issue is by placing an order electronically. Defendants take and confirm orders online and rely on electronic means to receive payment.

5. On information and belief, Defendants must provide an email address to the third-party online marketplace platforms through which Defendants operate (e.g., eBay, AliExpress, Alibaba, Amazon, Wish.com, DHgate, etc.). However, few, if any, Defendants purport to provide any type of a physical address to these third-party platforms – much less a valid, accurate, and/or verifiable physical address.

6. On information and belief, unlike an email address, which is typically verified by the third-party online platforms, no verification typically occurs for physical addresses. Because an Internet store operator can often input any physical address, such addresses are usually false, incomplete, are not where the Internet store operator is located, and/or is not valid. As such, even if a physical address is discoverable, it is not a reliable means for identifying and locating Defendants.

7. A January 2020 publication on counterfeiting by the Department of Homeland Security ("DHS") cites a "lack of relevant policies and procedures to verify sellers' true names and addresses" by third party platforms, which "contributes to a range of impediments to effective enforcement." True and correct copy of an excerpt of this report, attached hereto as **Exhibit 1**.

8. Here, service on Defendants by email and by posting on Plaintiff's Service Website will satisfy due process by apprising them of the action and giving them the opportunity to answer

Plaintiff's' claims. Based upon Plaintiff's' investigation, each Defendant utilizes email as its principal means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with that Defendant, and consequently, the most reliable means of providing Defendants with notice of this action. Moreover, service by posting on Plaintiffs' Service Website will be an additional source of reliability as Defendants will be able to see copies of the Complaint and all other documents in this matter electronically via their Internet browser.

9.      Based upon the data provided in connection with Defendants' Internet based ecommerce stores, including the shipping information and payment data provided in connection with Defendants' Seller Aliases, Plaintiffs haves good cause to suspect the majority of Defendants are residing and/or operating in the People's Republic of China[5] ("China") and/or redistribute products from sources in China.

10.      I have reviewed The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, to which China and numerous other foreign countries are signatories. The Hague Convention does not preclude service by email, and the declarations to The Hague Convention filed by China, and other relevant foreign countries, do not appear to expressly prohibit email service.

11.      Additionally, according to Article 1 of The Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." A true and correct copy of The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, and a list of signatory members, are

---

[5] With respect to those Defendants residing outside of China, undersigned counsel has confirmed that there are no jurisdictions at issue that are signatories to an international treaty precluding service by email. Further, while some of these jurisdictions have objected to Article 10 of the Convention (like China), the same analysis set forth herein is equally applicable to these other jurisdictions.

collectively attached hereto as **Exhibit 2**.

12. Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. *See* Hague Convention, Art. 10, 20 U.S.T. 361 (1969). China has objected to the alternative means of service outlined in Article 10 of the Convention. However, China's objection is specifically limited to the means of service enumerated in Article 10, which do not include service via email or website posting.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 24, 2023 at Chicago, Illinois.

/s/ *Ann Marie Sullivan*
Ann Marie Sullivan

*COUNSEL FOR PLAINTIFF*